## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LabOne, Inc., | ) | Case No. 06-CV-2075 JWL |
| Plaintiff, | ) | |
| vs. | ) | |
| Thermo CRS Ltd., | ) | |
| Defendant. | ) | |

## **PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c)(7), and for good cause shown, IT IS HEREBY ORDERED THAT:

1. This case involves a breach-of-contract claim and a breach-of-warranty claim wherein the plaintiff alleges that it contracted with defendant to purchase a Workstation ("Workstation"). The parties negotiated certain specifications for the Workstation, and the Workstation was constructed and delivered to Plaintiff by Defendant. Plaintiff alleges that the Workstation did not meet the parties' specifications and demands the return of the purchase price paid in addition to other sums. Defendant has responded that the Workstation met the parties' specifications and has filed a counterclaim for the remainder of the purchase price not paid by Plaintiff in addition to other sums.

A party ("Party" or "Parties") to this action ("Litigation") may classify as "Confidential Information" any information or documentation produced or exchanged in connection with this Litigation that it reasonably believes should be treated as confidential, including those involving the Parties' contracts for the Workstation, the specifications for the Workstation, the parties' internal business operations, structures or pricing, their financial information, their customer information,

or their vendors' and/or suppliers' identities, pricing or contact information.     Confidential Information may encompass paper or electronic documents, including without limitation deposition testimony, discovery responses, and information revealed during a deposition or in an interrogatory answer.

    2.    "Qualified Person" as used in this Order means:

    (a)  Counsel of record in this Litigation and employees and staff of their law firms to whom it is necessary that Confidential Information be shown for purposes of defending or prosecuting this Litigation; and

    (b) Persons retained by any Party or its attorneys of record in this Litigation to whom it is necessary that Confidential Information be shown for the purposes of defending or prosecuting this Litigation; and

    (c)  Any current employees of Parties to this Litigation;

    (d) Court Reporters during the course of depositions in this Litigation; and

    (e) Past employees of Parties to this litigation.

    (d) With the exception of those persons identified in 2(a) and (c) above, all persons given access to any Confidential Information must first sign a document in the form of Exhibit "1," attached hereto. Each such executed document shall be retained by the attorneys of record for the Party that is disclosing such Confidential Information until further order of this Court.

3.      Confidential Information shall include all documents and copies of such documents which a Party has designated as Confidential Information either by so designating the same in its production of such documents, or by marking the initial page: "CONFIDENTIAL," or, in the case of documents or information produced by third parties pursuant to process issued in the Litigation, by notifying the other Parties of such designation.  In lieu of marking the originals of such documents, any Party may mark the copies of such documents that are produced or exchanged.

4.      Any deposition of a Party or one of its present or former officers, directors, employees or agents, or of an independent expert retained by a Party for purposes of this Litigation or a non-party possessing information considered confidential by a Party, may be designated by that Party as Confidential Information by indicating on the record at the deposition that the testimony and any designated exhibits thereto are confidential and subject to the provisions of this Order.  A Party may also designate portions or exhibits of a deposition as confidential by so notifying all Parties in writing, within ten (10) business days of receipt of the full and complete transcript of said deposition.  All depositions will be treated as Confidential until the expiration of the ten-day period.  The use in any deposition of documents already designated as Confidential Information (as exhibits or to refresh the deponent's recollection or otherwise) shall be considered Confidential Information and subject to the provisions of this Order without further action or designation.

5.      The Parties shall not disclose or provide any information or documentation designated as Confidential Information hereunder to any person or entity other than the Court and Qualified Persons.  Qualified Persons who receive Confidential Information shall use it solely in connection with this Litigation.

6.      Any third party from whom information is sought in connection with this Litigation shall be provided a copy of this Protective Order and shall be entitled to invoke the protection of this Protective Order.  Nothing herein shall authorize a third party to receive copies of any Confidential Information of any other third party or Party to this case.

7.      Nothing shall prevent disclosure beyond the terms of this Protective Order if the Party designating the material as Confidential Information consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

8.      The inadvertent or unintentional disclosure by a Party of Confidential Information, or information subject to an evidentiary privilege or immunity, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or its rights under this Protective Order, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter, provided the Party makes the confidential designation or claims the privilege or immunity promptly following discovery of the disclosure.

9.      A Party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such designation.  In the event any Party disagrees at any stage of the Litigation with the designation by a Party of any information as Confidential Information, the Parties shall try first to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved informally, the Party seeking the disclosure of the information may apply for appropriate relief from the Court, which shall be permitted to conduct an *in camera* inspection of the Confidential Information with said Confidential Information being held under seal pending a ruling on their confidentiality.  The party asserting the

confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.

10. A Party wanting to file with the Court any information that is subject to confidential treatment in accordance with the terms of this Protective Order, including pleadings, motions or other papers disclosing any Confidential Information, must first file a motion seeking leave from the Court to file the Confidential Information under seal in accordance with *Holland v. GMAC Mortg. Corp.*, 2004 WL 1534179, at *2 (D. Kan. June 30, 2004) and *Worford v. City of Topeka*, 2004 WL 316073 (D. Kan. Feb. 17, 2004). If leave is granted to file Confidential Information under seal, the parties shall then comply with Local Rule 5.4.6. for filing purposes. The Confidential Information shall be kept under seal until further order of Court. Where possible, only confidential portions of filings with the Court shall be filed under seal. This Order shall not apply to the trial of this case. Upon motion of a person claiming protection under this Protective Order, the Court will consider protection of Confidential Information at trial.

11. At the conclusion of this Litigation, the Parties shall return all originals and copies of any documents received containing Confidential Information (including any such documents that the receiving Party may have provided to third parties who signed the Acknowledgment attached as Exhibit 1) to the producing Party or, upon request by the producing Party, destroy the Confidential Information.

12. The provisions of this Protective Order shall continue to be binding after the conclusion of this Litigation, except that a Party may seek the written permission of the designating Party or further order of the Court with respect to dissolution or modification of the Protective

Order. Such request for dissolution or modification of the Protective Order may also be made by any Party at any time during the pendency of the Litigation.

Dated this 15th day of August, 2006.

s/ K. Gary Sebelius
K. GARY SEBELIUS
U.S. MAGISTRATE JUDGE

**ACKNOWLEDGEMENT**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order, which was entered by the United States District Court for the District of Kansas in the case captioned, *LabOne, Inc.  v. Thermo CRS, Ltd.,* Case No. 06-CV-2075 JWL, and that he/she is a "Qualified Person" contemplated in the Stipulated Protective Order entitled to access to Confidential Information as designated by one of the Parties, and the he/she fully understands and agrees to abide by the obligations and conditions of the Stipulated Protective Order.

Dated:_____                                     _____
                                                                              Signature

                                                                              _____
                                                                              Title or Position

STATE OF _____ )
                                                 ) ss.
COUNTY OF _____ )

On this _____ day of _____, 2006, before me, the undersigned, a Notary Public, personally appeared _____, to me known to be the same person described in and who executed the foregoing instrument and acknowledged that he/she executed the same as his/her free and voluntary act and deed.

                                                                              _____
                                                                              Notary Public

My Commission Expires:

_____

**EXHIBIT 1**